UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY RUSH and LILIANE RUSH,

    Plaintiffs,                        No. 13-11302
                                             District Judge Sean F. Cox
vs.                                        Magistrate Judge R. Steven Whalen

FEDERAL HOME LOAN MORTGAGE
CORPORATION ("FREDDIE MAC"),

    Defendant,

  and

FEDERAL HOUSING FINANCE
AGENCY,

    Intervenor.
_____/

**REPORT AND RECOMMENDATION**

On March 25, 2013, Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") removed this action from the Wayne County Circuit Court. Freddie Mac had filed an eviction action in the 36th District Court for the City of Detroit, and Plaintiffs Jerry Rush and Liliane Rush filed a counter-complaint. Freddie Mac then removed the Plaintiffs' counter-complaint to this Court based on both diversity and federal question jurisdiction. Before the Court is a Motion for Judgment on the Pleadings filed by Defendant Freddie Mac [Doc. #12] and a Motion for Judgment on the Pleadings filed by

-1-

Intervenor Federal Housing Finance Agency ("FHFA")[Doc #11].[1]  Both motions have been referred for Reports and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both motions be GRANTED and that the Plaintiff's counter-complaint be DISMISSED WITH PREJUDICE.

## I.   FACTS

In 2008, Plaintiffs obtained a mortgage loan in the amount of $168,500 from Quicken Loans, granting a mortgage on the subject property to Mortgage Electronic Registration Systems[2], Inc. ("MERS"), as nominee for Quicken Loans and its successors and assigns.  On September 26, 2011, MERS assigned the mortgage to Bank of America, N.A. ("BANA"), "successor by merger to BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing L.P."  Plaintiffs subsequently defaulted on the mortgage, and Bank of America foreclosed by advertisement under M.C.L. § 600.3201, *et seq*. Defendant Freddie Mac purchased the property at a foreclosure sale on November 16, 2011.  Plaintiff did not and has not redeemed the property.

In May, 2012, Freddie Mac initiated an eviction action in 36th District Court. Plaintiffs filed a counter-complaint, which was removed to this Court. The Plaintiffs' counter-complaint contains the following claims: (1) because the loan was "securitized," the assignment (apparently referring to BANA) was invalid because both the mortgage

---

[1] FHFA is presently the conservator for Freddie Mac.

[2] All documents involving the mortgage, assignment, and Sheriff's Sale are appended to Plaintiffs' counter-complaint [Doc. #1, Exh. B].

and the note should have been assigned. In other words, the mortgage was severed from the note.  Therefore, Plaintiffs claim, "Freddie Mac has no authority or standing to foreclose or evict on the note." *Counter-Complaint*, ¶ 13; (2) At the time Freddie Mac held the mortgage, Plaintiffs were seeking a loan modification under the Home Affordable Modification Program ("HAMP). Plaintiffs claim that because Freddie Mac is a government agency, its acquisition of the property through Michigan's foreclosure by advertisement statute deprived Plaintiffs of their property interest without due process; and (3) Plaintiffs allege that the foreclosure sale itself was invalid.

## II.   STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).  Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." "  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)).  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

### III.   DISCUSSION

#### A.   Due Process

Plaintiffs contend that Freddie Mac is a governmental agency, and thus subject to the strictures of the Due Process Clause of the Fifth Amendment.  The overwhelming weight of authority says that Plaintiffs are wrong.

First, some background on Freddie Mac and the FHFA. In the brief in support of their motion [Doc. #11] the FHFA describes these entities as follows:

> "Freddie Mac, created by Congress in 1970, *see* Pub. L. 91-351, § 303 (July 24, 1970), operates in the secondary mortgage market, purchasing residential mortgages and thereby providing mortgage lenders with capita that they can then use to fund additional mortgage loans. 12 U.S.C. § 1451(b).  In 2008, during the midst of the recent financial crisis, Congress created HFA and empowered it t act as a conservator or receiver of Freddie

> Mac I certain circumstances for purposes of 'reorganizing, rehabilitating, r winding up [Freddie Mac's] affairs.' 12 U.S..§ 4617(a)(2). On September 6, 2008, FHFA's director placed Freddie Mac (and Fannie Mae) into conservatorship." *Id*. at 3.

The Due Process Clause applies only to the government, not to private or non-governmental entities. "[T]here is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant." *Krukemyer v. Forcum*, 475 Fed.Appx. 563, 566, 2012 WL 1139007, *2 (6th Cir. 2012), citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 n. 7 (1991). *See also Public Utils. Comm'n v. Pollak*, 343 U.S. 451, 461 (1952).

*Lebron v. National Passenger Railroad Corporation*, 513 U.S. 374 (1995), sets forth the test for determining whether a private corporation (whether or not it is created by Congress) is considered a governmental agency for purposes of constitutional liability. The essential element of that test is whether "the Government creates a corporation by special law, for the furtherance of governmental objectives, and *retains for itself permanent authority to appoint a majority of the directors of that corporation*." *Id*. at 400. FMHA correctly points out that under the Housing and Economic Recovery Act of 2008, Freddie Mac's entire Board of Directors is elected by common shareholders, not appointed by the government. 12 U.S.C. § 1452(a)(2)(A). Thus, under the *Lebron* test, Freddie Mac is not a governmental entity.

Plaintiffs rely on two Michigan trial court decisions in support of their claim that Freddie Mac is a governmental agency bound by the Fifth Amendment. The first is

*Fannie Mae v. Everingham*, No. 12-1286-LT (Mich. 55th District Court, 4/9/13). However, that case was reversed by the Ingham County Circuit Court in *Fannie Mae v. Everingham*, No. 13-430-AV (Ingham County Circuit Court, 1/14/14).[3] Applying the *Lebron* test, the Circuit Court held that not only was Fannie Mae not a governmental actor, but that "consistent with other federal courts that have addressed the issue presented here, [] FHFA's conservatorship of Fannie Mae does not and cannot transform that private corporation into a governmental actor...."

Currently, the sole authority in support of Plaintiffs' position is *Federal Home Loan Mortg. Corp. v. Kelley*, No. 12-885-AV (Ingham County Circuit Court, 2/12/13).[4] Counterposed against this, virtually every federal court in Michigan to have addressed the issue has held that Freddie Mac and Fannie Mae are *not* governmental actors, notwithstanding the conservatorship of FHFA.[5] *See e.g., Fed. Home Loan Mortg. Corp. V. Matthews-Gaines*, 2013 WL 423777 (E.D. Mich. 2013)(Cook, J.); *Lopez v Bank of America, N.A.*, 920 Fed.Supp.2d 798 (W.D. Mich. 2013)(Bell, J.); *Yousif v. Fed. Nat'l Mortg. Corp.*, 2013 WL 980159 (E.D. Mich. 2013)(Steeh, J.); *William v. Fed. Nat'l*

---

[3] The *Everingham* decision is appended as Exhibit A to FHFA's Notice of Supplemental Authority [Doc. #22].

[4] The Michigan Court of Appeals has granted Freddie Mac leave to appeal *Kelly*. *See* Supplemental Authority, *supra*.

[5] Under *Lebron*, temporary governmental intervention, such as a conservatorship, does not transform a private corporation into a governmental entity. *See Herron v. Fannie Mae*, 857 F.Supp.2d 87, 92 (D.D.C. 2012)("the imposition of conservatorship...did not transform Fannie Mae into a government actor.").

*Mortg. Corp.*, 2013 W 5445883 (E.D. Mich. 2013)(Roberts, J.).[6]

*Lebron* dictates a finding that Freddie Mac is not a government actor. I will go with the weight of authority on this point rather than an outlier state court decision that is on appeal, and recommend that Plaintiffs' claims based on the Due Process Clause be dismissed.

### B. Severing the Mortgage and the Note

Contrary to Plaintiffs' claim, it is not necessary, under Michigan law, that the foreclosing party be the assignee of both the mortgage and the promissory note. The Michigan Supreme Court's decision in *Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011), is fatal to Plaintiff's argument. *Sauerman* held:

> "[A]s record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness. This interest in the indebtedness—i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness—authorized MERS to foreclose by advertisement under MCL 600.3204(l)(d).
>
> * * *
>
> "[T]he Legislature's use of the phrase 'interest in the indebtedness' to denote a category of parties entitled to foreclose by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement, along with parties who 'own[ ] the indebtedness' and parties who act as 'the servicing agent of the mortgage.'"
> [ *Saurman II,* 490 Mich. 909, quoting MCL 600.3204(l)(d).]

Based on *Saurman*, this district has rejected Plaintiff's arguments. In *Yousif v.*

---

[6] FHFA has cited numerous other cases to the same effect at pp. 7-8 of its brief, Doc. #11.

*Bank of New York Mellon* 2012 WL 2403472, *3 (E.D.Mich. 2012), Judge Duggan held:

> "Plaintiffs contend that Defendant did not own an interest in the indebtedness secured by the mortgage, and was therefore not permitted to foreclose by advertisement. Compl. ¶¶ 7–9. The Court disagrees. Defendant held a mortgage which was contingent upon the satisfaction of the promissory note. The Michigan Supreme Court has held that such a mortgage is an 'interest in the indebtedness' which permits the mortgage holder to foreclose by advertisement. *Residential Funding Co., L.L. C. v. Saurman,* 490 Mich. 909, 805 N.W.2d 183 (Mich.2011)."

Moreover, under *Saurman*, MERS, as assignee having an "interest in the indebtedness," not only had the right to foreclose, but the right to assign its interest to BANA, thereby giving BANA the right to foreclose. *See Fortson v. Federal Home Loan Mortg. Corp*. 2012 WL L 1183692, *3 (E.D.Mich. 2012) ("The *Saurman* court held that MERS or an assignee of MERS can complete a foreclosure by advertisement because 'it is the owner ... of an interest in the indebtedness secured by the mortgage.' *Id.* A mortgage assignment by MERS and eventual foreclosure sale by the assignee is consistent with the foreclosure by advertisement statute."). *Forston* also rejected Plaintiff's argument in this case that the "severance" of the note and the mortgage nullified the Defendants' right to foreclose:

> Consistent with the *Saurman* decision, Wells Fargo had the right to receive the assignment of plaintiff's former mortgage [from MERS], and to foreclose upon it when plaintiff defaulted under the loan. The separation of the note and the mortgage, if true, did not extinguish Wells Fargo's mortgage on the subject property. *Id*. at *6

*See also Collins v. Wickersham*, 2012 WL 995208, *4 (E.D.Mich. 2012) (*"Saurman* recognized that MERS has a right to foreclose by advertisement where it is the mortgagee

-8-

as nominee for the lender. 490 Mich. at 909, 805 N.W.2d at 183. MERS was therefore able to assign that same right to Wells Fargo.").

Plaintiff also appears to challenge BANA's right to foreclose based on the securitization of the mortgage. This is appears to be essentially a "chain of title" argument that the Sixth Circuit rejected in *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 399 Fed.Appx. 97, 102-103, 2010 WL 4275305, *4 (6th Cir. 2010). In that case, Lehman Brothers, the original mortgagee, assigned the mortgage to "LaSalle Bank National Association as Trustee for the registered holders of LB–UBS Commercial Mortgage Trust 2005–C–1, Commercial Mortgage Pass–Through Certificates, Series 2005–C1 (the 'Trust')." This assignment was recorded with the Register of Deeds. However, there were also interim unrecorded assignments that occurred in the context of a pooling and servicing agreement.

The Sixth Circuit in *Livonia Properties* endorsed and affirmed the district court's holding that "record chain of title is comprised of documents that were filed in the County Register of Deeds' office." *Id.* at 100-101. The Court held:

> "This [public] record shows a clear chain of title from the original mortgagee to Farmington. Although Livonia has not articulated any alternative definition of 'record chain of title,' its argument clearly rests on the position that the term includes any and all interests in the property ever held by any individual or entity. *This position is not supported by the case law.*" *Id.* (Emphasis added).

The Court also relied on *Arnold v. DMR Financial Services, Inc.,* 448 Mich. 671, 532 N.W.2d 852 (1995), which it discussed as follows:

-9-

> "In [*Arnold*], DMR, the financial institution foreclosing on the mortgage, had granted a security interest in the mortgage to another entity, which did not record its interest. The foreclosed party argued that the foreclosure was not carried out in accordance with the statute because the security assignment was not within the chain of title. The Michigan Supreme Court disagreed, restating its long-held position that 'the presence of an unrecorded security assignment was irrelevant.' *Id.* at 856. *Arnold* actually involved a prior version of the foreclosure-by-advertisement statute that said that *all* assignments must be recorded. *Id.* at 855. *Even under that stronger language, which is clearly more favorable to Livonia's position than the current requirement that the foreclosing party have 'record chain of title,' the Michigan Supreme Court was clear that the lack of recordation did not invalidate the foreclosure.*" *Id*. (Emphasis added).

In short, under Michigan law there is a proper "chain of title" of the mortgage in this case from MERS to BANA. And as discussed above, any "severance" of the mortgage from the note occasioned by the securitization has no bearing on BANA's right to foreclose, as assignee of MERS.

### C.  Validity of the Foreclosure Sale

Plaintiffs lack standing to challenge the foreclosure and sale of their property. In Michigan, the failure to redeem the property within the six-month period following a foreclosure by advertisement divests the former owner of all rights to the property. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 4 N.W.2d 514 (1942) (because "[p]laintiffs did not avail themselves of their right of redemption in the foreclosure proceedings," all "rights in and to the property were extinguished" at the end of the foreclosure period). Id. at 187, 4 N.W.2d 514; M.C.L. § 600.3236[7]; *Conlin v. MERS*, 714

---

[7] M.C.L. § 600.3236 provides that with respect to a deed issued after foreclosure by advertisement:

-10-

F.3d 355, 359 (6th Cir.2013) (citing Piotrowski ).

In exception to the general rule, "Michigan courts allow 'an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided he makes 'a clear showing of fraud, or irregularity' by the defendant.' " *El–Seblani v. IndyMac Mortg. Services*, 2013 WL 69226, *3 (6th Cir. January 7, 2013) (citing *Schulthies v. Barron*, 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969)); *Conlin* at 359. "The standards for obtaining such an extension are stringent." Id. In *Conlin*, supra the Sixth Circuit, citing El–Seblani, stated:

> "Whether the failure to make this showing [of fraud or irregularity] is best classified as standing issue or as a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period."

In Michigan, a claim of fraud requires the following: "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was

---

"Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter ...."

false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Hi-Way Motor Co. v. International Harvester Co.,* 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976). "The absence of any one" of these elements "is fatal to a recovery." *Id.* (Internal citations omitted). The purpose of Rule 9(b) "is to alert defendants 'as to the particulars of their alleged misconduct' so that they may respond." *Kanouno v. SunTrust Mortg., Inc.,* 2011 WL 5984023, *4 (E.D.Mich. 2011)(Rosen, J.)(citing *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir.2007)).

While Plaintiffs may use the term "fraud" in their counter-complaint, that claim appears to be based primarily on the Due Process and "improper foreclosure" arguments that I have previously rejected. They have not stated any other facts that could plausibly establish fraud under Michigan law. Thus, the redemption period having long expired, they do not have standing to challenge the foreclosure sale.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant Freddie Mac's Motion for Judgment on the Pleadings [Doc. #12] and Defendant FHFA's Motion for Judgment on the Pleadings [Doc. #11] both be GRANTED, and that the Plaintiff's counter-complaint be DISMISSED WITH PREJUDICE.

service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 14, 2014        s/ R. Steven Whalen
                                R. STEVEN WHALEN
                                UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on February, 14, 2014, electronically and/or by U.S. mail.

                                s/Michael Williams
                                Case Manager to the
                                Honorable R. Steven Whalen

-13-