UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Jerry Rush and Liliane Rush,

      Plaintiffs,

v.                                    Case No.  13-11302
                                    Honorable Sean F. Cox

Federal Home Loan Mortgage
Corporation ("Freddie Mac"),

      Defendant,

      and

Federal Housing Finance Agency,

      Intervenor.
_____/

## ORDER
## ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

The Federal Home Loan Mortgage Corporation ("Freddie Mac") filed an eviction action in the 36th District Court for the City of Detroit.  Thereafter, Jerry Rush and Liliane Rush filed a counter-complaint against Freddie Mac, asserting the following counts: "Count I – Lack Of Standing To Foreclosure Under MCL 600.3204", "Count II: Negligence Of Duty To Counter Plaintiff Established By Freddie Mac For Its Servicers," and Count III "Wrongful Foreclosure In Violation Of MCL 600.3201 Et Seq."  (Docket Entry No. 1-3).

The district court entered a stipulated order to sever and transfer the Counter-Complaint to the Wayne County Circuit Court. (*See* Docket Entry No. 1-2).  That Order also realigned the parties, making the Counter-Complaint the affirmative claims in this action.   The Order also

provides that the proceedings in the 36th District Court would be stayed until a final order is

issued in the connection with the Counter-Complaint.  Freddie Mac then removed the Counter-

Complaint to this Court, based on diversity jurisdiction and federal question jurisdiction.  (*See*

Notice of Removal, Docket Entry No. 1.

On April 17, 2013, this Court issued a Stipulated Order that allowed the Federal Housing

Finance Agency "FHFA", as Conservator for Freddie Mac, to intervene in this action.  (Docket

Entry No. 7).

Thereafter, FHFA and Freddie Mac each filed a Motion for Judgment on the Pleadings.

(Docket Entry Nos. 11 & 12).  This Court referred the motions to Magistrate Judge Steven

Whalen for issuance of report and recommendation.  On February 14, 2014, after full briefing by

the parties and a hearing, Magistrate Judge Whalen issued a Report and Recommendation

(Docket Entry No. 24), wherein he recommends that the Court grant both of the pending motions

and dismiss the Counter-Complaint with prejudice.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a

matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after

being served with a copy of the R&R.  "The district judge to whom the case is assigned shall

make a *de novo* determination upon the record, or after additional evidence, of any portion of the

magistrate judge's disposition to which specific written objection has been made."  *Id.*

Plaintiffs Jerry and Liliane Rush filed timely objections to the R&R on February 28,

2014.  (Docket Entry No. 25).  Freddie Mac timely responded to those objections on March 14,

2014.  (Docket Entry No. 26).

First, Plaintiffs assert that the R&R "erroneously states Plaintiffs argue severing of the

mortgage and the note whereas Plaintiffs raise the issue of the failure to comply with MCL 600.3204(3). (Objs. at ii). Second, Plaintiffs assert that the R&R "performed an analysis based upon the securitization of the mortgage, which was not the crux of the Plaintiff's argument or claims." (Objs. at ii). Plaintiffs claim the magistrate judge erred by not analyzing an argument *made in their brief* based on Mich. Comp Laws § 600.3204(3) based on there being no chain of title reflecting any interest in the mortgage by Bank of America, N.A. prior to the Sheriff's sale on January 10, 2012. (Objs. at 4). A motion for judgment on the pleadings, however, analyzes the sufficiency of the claims made in the *complaint* – not claims asserted in a *response brief*. The magistrate judge analyzed Count I as a claim based on severing of the mortgage and securitization of the mortgage *because that is what Plaintiffs alleged in their Counter-Complaint*. Plaintiffs' Counter-Complaint made no reference to subsection 3 of Mich. Comp. Laws § 600.3204 nor did it contain factual allegations to support a claim based upon that subsection. The Court therefore finds these first and second objections without merit.

Next, Plaintiff assert that they "raise issues of negligence and non compliance with the HAMP regulations as a defense to foreclosure that were not addressed by the Court and appear to be lumped into the 'fraud' analysis as a catch-all for Plaintiffs' remaining claims." (Objs. at ii). In making this objection, Plaintiffs appear to fault the magistrate judge for not addressing whether or not they may raise certain *affirmative defenses* to foreclosure. (*See* Objs. at 10) ("Plaintiffs specifically argued, even if this Honorable Court were to hold that the HAMP does not create a private cause of action for Plaintiffs, this Court should still hold that Plaintiff are entitled to raise the failure to evaluate their loan for modification as a defense to foreclosure.").

Plaintiffs fail to recognize that, pursuant to the stipulation they entered into the state

3

court, the summary proceedings to recover possession of the property *were not transferred to this Court*.  The parties stipulated and agreed that the "Counter-Complaint only" was to be severed and transferred to the Wayne County Circuit Court, which was then removed to this Court.   Thus, only Plaintiff's "affirmative claims" (i.e., their counter-claims) were removed to this Court.

The magistrate judge was asked to analyze the two Motions for Judgment on the Pleadings that sought to dismiss Plaintiffs' Counter-Claims.  Those motions asked the Court to dismiss the counter-claims asserted by Plaintiffs.  The magistrate judge did not err by failing to include recommendations regarding affirmative defenses because Plaintiffs' affirmative defenses are not at issue in the limited action before this Court.

The Court hereby ADOPTS the February 14, 2014 R&R.  IT IS ORDERED that the pending Motion for Judgment on the Pleadings filed by Defendant Freddie Mac (Docket Entry No. 12) and the Motion for Judgment on the Pleadings filed by Intervenor Federal Housing Finance Agency (Docket Entry No. 11) are GRANTED and Plaintiffs' Counter-Complaint shall be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

> S/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated:  March 17, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 17, 2014, by electronic and/or ordinary mail.

> S/Jennifer McCoy
> Case Manager